IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED 2018 AUG 20 PM 3:02
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Trevor Fischer,

    Plaintiff,

vs.

Case No. 6:18-cv-1372-ORL-37 TBS

Professional Adjustment Corp. of S.W. FL., Inc.,
a Florida corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY

NOW COMES THE PLAINTIFF, TREVOR FISCHER, BY AND THROUGH COUNSEL, Bridget L. Fields, and for his Complaint against the Defendant, pleads as follows:

I.

### NATURE OF THE ACTION

1. This is an action against Professional Adjustment Corp. of S.W. FL, Inc. who has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 by attempting to collect an alleged debt from Plaintiff that he does not owe.

II.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3. The transactions and occurrences which give rise to this action occurred in the City of Orlando, Orange County, Florida.

4. Venue is proper in the Middle District of Florida, Orlando Division.

## III.
## PARTIES

5. Plaintiff is a natural person residing in City of Orlando, Orange County, Florida.

6. The Defendant to this lawsuit is Professional Adjustment Corp. of S.W. FL., Inc., which is a Florida corporation that conducts business in the State of Florida.

## IV.
## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer type debt with account number 91511260059 allegedly owed by Plaintiff to West Orlando ER Physicians in the amount of $36.08 ("the alleged Debt").

8. The alleged Debt is related to an unpaid balance for an emergency hospital visit.

9. Mr. Fischer does not owe the alleged Debt. The alleged Debt was paid by his insurance.

10. On November 26, 2015, Mr. Fischer visited West Orlando ER Physicians because of stomach pains.

11. The hospital charged Mr. Fischer $1,015.00 for the emergency visit. The charges were primarily paid by Medicaid, Mr. Fischer's primary insurance. Tricare, Mr. Fischer's secondary insurance, paid the remaining balance of $36.08, which is the balance reflected by the alleged Debt.

12. In 2017, Mr. Fischer obtained his credit reports and noticed Defendant inaccurately reporting its trade line ("Errant Trade Line") as an open collection item with a balance of $36.08. This is when Mr. Fischer first discovered the alleged Debt.

13. Shortly thereafter, Mr. Fischer contacted Defendant to inquire about the alleged Debt. During this conversation, Mr. Fischer told Defendant that he did not owe it. In response, Defendant told Mr. Fischer that the alleged Debt was valid.

14. Mr. Fischer verbally asked for validation of the alleged Debt to prove he did not owe it.

15. On or about March 7, 2018, Mr. Fischer received a response to his validation request from Defendant. Defendant sent a cover letter and attached a bill. The cover letter and bill misrepresented that he owed a balance of $36.08. However, the transaction history that Defendant attached to its letter showed that he owed a $0 balance.

16. Mr. Fischer suffered pecuniary and emotional damages as a result of Defendant's actions.

## COUNT 1-VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant mispresented the alleged Debt by attempting to collect a debt that has been paid; and

    b. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant was attempting to collect the alleged Debt, yet the debt has been paid.

22. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score. Defendant willfully reported a negative trade line on his credit report, costing the Plaintiff economic opportunities.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

    **WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

    Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

    a. Actual damages;

    b. Statutory damages;

    c. Statutory costs and attorneys' fees; and

    d. Exemplary and Punitive Damages for Defendant's willful violation of the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 16, 2018

>By: /s/Bridget L. Fields
>Bridget L. Fields, Esq.
>FBN: 91068
>The Administrative Law Group P.A.
>322 East Central Blvd. #605
>Orlando, FL 32801
>ph. (407) 506-7163
>Bridget.Fields11@gmail.com
>Attorneys for Plaintiff,
>Trevor Fischer